IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM DUGAN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROCKFORD BLACKTOP CONSTRUCTION )<br>CO., an Illinois Corporation, f/k/a ROCKFORD )<br>BLACKTOP, INC., a Nevada Corporation, )<br>)<br>Defendant. ) | Case No.: 08-CV-2651<br><br>Judge: Amy J. St. Eve<br><br>Magistrate Martin C. Ashman |

## MOTION TO TRANSFER CASE TO THE WESTERN DIVISION

NOW COMES Defendant, ROCKFORD BLACKTOP CONSTRUCTION, CO., incorrectly identified as "ROCKFORD BLACKTOP CONSTRUCTION, CO., an Illinois Corporation, f/k/a/ ROCKFORD BLACKTOP, INC., a Nevada corporation"[1], by and through its attorneys, HINSHAW & CULBERTSON LLP and pursuant to 28 U.S.C. §1404(a) and (b), hereby moves to transfer this action to the United States District Court for the Northern District of Illinois, Western Division, and states as follows:

1.  Plaintiffs brought this action in their capacity as Trustees for various fringe benefit funds.

2.  The gravamen of the Complaint is that the Defendant "refused to provide Plaintiffs' auditors with required payroll records" during an audit conducted at Defendant's office in Loves Park, Illinois.

---

[1] Rockford Blacktop Construction, Co. was never formerly known as Rockford Blacktop, Inc. Rockford Blacktop, Inc. was a separate and distinct corporate entity from Rockford Blacktop Construction, Co. that was organized to conduct business in the State of Nevada. In fact, Rockford Blacktop, Inc. never conducted business or otherwise operated in the State of Illinois. Rockford Blacktop, Inc. did not contract with Local 150 of the International Union of Operating Engineers, AFL-CIO, or have any obligations to or dealings with any funds administered by the Midwest Operating Engineers. Rockford Blacktop, Inc. ceased to exist in January 2001 when it merged with Rockford Blacktop Construction, Co.

3. Pursuant to 28 U.S.C. §1404(b), a court may upon motion transfer a civil action from the division in which it is pending to any other division in the same district. The District Court may make such a transfer in its discretion "for the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. §1404(a).

4. As set forth in detail in the accompanying Memorandum of Law, the Standard for transfer is met here because all material events occurred in the Western Division. In addition, the Western Division has an interest in this case because Plaintiffs seek specific performance over Defendant's activities in the Western Division. The Eastern Division, in contrast, has hardly any relationship to the case.

5. Contemporaneously herewith, Defendant submits a Memorandum of Law, the contents of which it incorporates herein by reference.

WHEREFORE, for the foregoing reasons, as well as those set forth in the accompanying Memorandum of Law, Defendant, ROCKFORD BLACKTOP CONSTRUCTION, CO. respectfully requests that the Court grant its Motion and transfer this action to the United States District Court for the Northern District of Illinois, Western Division.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        By: s/Lori L. Hoadley
            Lori L. Hoadley

Lori L. Hoadley
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
815-490-4900

70566671v1 867139

## AFFIDAVIT OF SERVICE

The undersigned certifies that on July 2, 2008, a copy of the foregoing was electronically served via the U.S. District Court CM/ECF E-Filing System upon the following:

**Dugan v. Rockford Blacktop Construction Co.**

For Plaintiffs:
Cecilia M. Scanlon, Esq.
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Phone  312.236.4316
Fax     312.236.0241


s/ Rhonda Walker


Firm No. 695
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105-1389
Phone  815.490.4900
Fax     815.490.4901

3