IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. DUGAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 08 C 2651 |
| ) | |
| ROCKFORD BLACKTOP ) | JUDGE AMY J. ST. EVE |
| CONSTRUCTION CO., an Illinois ) | |
| corporation, f/k/a ROCKFORD ) | MAGISTRATE MARTIN C. ASHMAN |
| BLACKTOP, INC., a Nevada corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO TRANSFER CASE TO THE WESTERN DIVISION**

In a civil action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1101, *et seq.* (hereinafter referred to as "ERISA"), an employee benefit plan's choice of venue is given substantial deference. <u>Central States, Southeast and Southwest Areas Pension Fund v. Lewis & Michael, Inc.</u>, 992 F. Supp. 1046, 1048 (N.D. Ill. 1998). Plaintiffs are trustees of various employee benefit plans (hereinafter referred to as the "Funds") which are administered on behalf of members of Local 150 of the International Union of Operating Engineers, AFL-CIO (hereinafter referred to as the "Union"). Plaintiffs are seeking to complete an audit of the Defendant's payroll records for the purpose of verifying whether contributions are properly reported to the Funds, pursuant to the Collective Bargaining Agreement (hereinafter referred to as "CBA") entered into between the Defendant, ROCKFORD BLACKTOP CONSTRUCTION CO. (hereinafter referred to as "Rockford Blacktop") and the Union. Rockford Blacktop seeks an intra-district transfer of this ERISA civil action from the Eastern Division to the Western Division.

Rockford Blacktop argues that this Court should transfer this ERISA civil action to the Western Division because the CBA was executed in the Western Division, the Funds' auditors'

initial review of the payroll records was conducted at the Defendant's office located in the Western Division, and that the Western Division is more convenient for the parties and witnesses. As established below, these arguments do not overcome the strong preference afforded to the Funds' choice of forum. Accordingly, this Court should deny the Defendant's Motion to Transfer Case to the Western Division.

## I.     The Funds' Choice Of Venue Is Entitled To Great Deference.

An intra-district transfer is subject to the same analysis as any other transfer of venue motion. Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin, LLC, *et al.*, 2003 U.S. Dist. LEXIS 18422, *10 (N.D. Ill. October 20, 2003). Since this is an intra-district transfer, it is undisputed that venue is proper in the Eastern Division and Western Division. Concrete Structures of Midwest, Inc. v. Treco Const. Services, Inc., 1996 U.S. Dist. LEXIS 1660 (N.D. Ill. March 3, 1995). Accordingly, this Court need only consider whether the transfer would serve the convenience of the parties and witnesses in the interest of justice. Id. at *9.

Ordinarily, a plaintiff's choice of forum is given substantial weight, particularly when the plaintiff chooses its home forum. Dunn v. Soo Line R.R. Company, 864 F. Supp. 64, 65 (N.D. Ill. 1994). The Funds, which are administered in Countryside, Illinois are located within the Eastern Division's jurisdiction, making the Eastern Division their home forum. (See, Affidavit of David Bodley, ¶ 4). Accordingly, this factor weighs against a transfer to the Western Division.

The Funds' preference for the Eastern Division also weighs against a transfer since this is an action under ERISA. See, Central States, Southeast and Southwest Areas Pension Fund v. Lewis & Michael, Inc., 992 F. Supp. 1046, 1048 (N.D. Ill. 1998). "In an ERISA enforcement action brought by a pension plan, the court must give substantial deference to the plaintiff's choice of

venue, unless it is clearly outweighed by other factors." Id. at 1048.  The fact that the events giving rise to the instant litigation occurred in the Western Division is not sufficient to overcome the strong preference for the Funds' choice of forum.  Anderson v. Norman Rice Painting, Inc., 2003 U.S. Dist. LEXIS 15283, **3-4 (N.D. Ill. August 27, 2003).

Rockford Blacktop cites Hanley v. Omarc, Inc., 6 F.Supp. 2d 770, 775 (N.D. Ill. 199) in support of its argument that the Funds' choice of forum is not entitled to deference.  Hanley is easily distinguished since it involved a transfer between the Northern District of Illinois and the District of New Jersey, whereas Rockford Blacktop is requesting an intra-district transfer.  Id.  The difficulties associated with defending an action from ninety (90) miles away do not rise to the level with those at stake when the action is more than eight hundred (800) miles away.

A more analogous case to the present litigation is Anderson v. Norman Rice Painting, Inc., 2003 U.S. Dist. LEXIS 15283 (N.D. Ill. August 27, 2003).  In Anderson, the trustees of multi-employer funds were seeking delinquent contributions and union dues from the employer.  Id.  Even though the employer argued that the court should transfer the case to the Western Division because the events giving rise to the litigation occurred there, this was not enough to outweigh the preference afforded the plaintiffs in an ERISA action.  Id. **3-4.  See also, Carpenters' Fringe Benefit Funds of Illinois v. M.F. Conery, 1992 U.S. Dist. LEXIS 7305 (N.D. Ill. May 14, 1992) (finding that a transfer to the Western Division would not be more convenient for the parties or in the interests of justice and would overlook the strong preference afforded a multi-employer fund's choice of forum).  Thus, courts have rejected intra-district transfers in favor of the Funds' choice of their home forum and the court should do the same here.

3

## II.    A Transfer Would Only Shift The Inconvenience To The Funds.

The convenience of the parties and witnesses is one of the most important factors to be considered.  <u>Dunn v. Soo Line R.R. Co.</u>, 864 F. Supp. 64, 65 (N.D. Ill. 1994).  The burden is on Rockford Blacktop to show that the Western Division is more convenient, but Rockford Blacktop fails to meet this burden. Rockford Blacktop fails to "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would [include]."  <u>Heller Financial, Inc. v. Midwhey Powder Company, Inc., *et al.*</u>, 883 F.2d 1286, 1293 (7th Cir. 1989).  Rockford Blacktop states that its "employees involved with the audit and/or overseeing the relevant agreements" will be inconvenienced because these individuals reside in the Western Division, but does not attach any sworn affidavits to support this statement.  Accordingly, this argument lacks evidentiary support and should be disregarded.

Moreover, the Funds are seeking to complete an audit of the Defendant's payroll records in order to verify that contributions are properly reported to the Funds each month.  To complete the audit, the Funds requested payroll records and the disclosure of Rockford Blacktop's shareholders which Rockford Blacktop refused to turn over or disclose. (See, Affidavit of Michael Blanski, ¶ 3). This information can easily be provided through written discovery, thereby minimizing the costs of travel.  Furthermore, it is not necessary for the Funds' auditors to travel to Rockford Blacktop's office to review these records and to produce a "completed" report.  (See, Blanski Aff., ¶ 5).

Assuming Rockford Blacktop eventually produces a list of its key witnesses who will allegedly be inconvenienced if their testimony is required in the future, transferring this litigation to the Western Division would only transfer the inconvenience to the Funds and their witnesses. (See, Bodley Aff., ¶ 6 and Blanski Aff., ¶6).  Transferring a case which simply shifts the

inconvenience from one party to the other is inappropriate. Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin, L,L,C. *et al.*, 2003 U.S. Dist. LEXIS 18422, *9 (N.D. Ill. October 20, 2003). Accordingly, Rockford Blacktop's alleged inconvenience does not weigh in favor of transfer.

### III.  A Transfer to the Western Division Would Not Promote the Interest of Justice.

Although the interest of justice is given less weight when considering an intra-district transfer, this factor also weighs against transferring this case. Clear Channel Outdoor, Inc. 2003 U.S. Dist. LEXIS 18422, *11 (N.D. Ill. October 20, 2003).  Since this is an ERISA enforcement action, the Court "must consider the costs to the beneficiaries of the Plan who will ultimately bear the expense of this litigation." Anderson v. Norman Rice Painting, Inc., 2003 U.S. Dist. LEXIS 15283, *4 (N.D. Ill. 2003).  The efficient collection of delinquent contributions is a key consideration when considering a plaintiff's choice of forum. Id.  A transfer to the Western Division would increase the cost of litigation due to the additional attorney time and travel cost. This unnecessary increase in the Funds' cost would be counterproductive to Congress' intent to allow the Funds' to efficiently collect delinquent contributions which are due on behalf of their participants and beneficiaries. Central States, Southeast and Southwest Areas Pension Fund v. Lewis & Michael, Inc., 992 F. Supp. 1046, 1048 (N.D. Ill. 1998).

Rockford Blactop argues that the Funds' request for injunctive relief is a reason to transfer the case in the interest of justice, citing, Central States, Southeast and Southwest Areas Pension Fund. v. Brown, 587 F. Supp. 1067 (D.C. Ill. 1984).  In Brown, the defendant was seeking a transfer from the Northern District of Illinois to the Southern District of Illinois. Id.  Here, the interest of justice factor is given less weight when the transfer is an intra-district transfer because there are no conflict of law issues and both courts would be familiar with the governing law. Concrete Structures

of Midwest, Inc. v. Treco Const. Services, Inc., 1996 U.S. Dist. LEXIS 1660 (N.D. Ill. March 3, 1995). Accordingly, Eastern Division judges are equally as capable as Western Division judges are of enforcing their orders upon parties that are within the Northern District of Illinois. Thus, a transfer to the Western Division does not promote the interest of justice.

**IV.     Conclusion.**

For the foregoing reasons, Rockford Blacktop fails to establish that a transfer to the Western Division of the Northern District of Illinois will serve the convenience of both parties and the interests of justice. Since a transfer to the Western Division would only accommodate Rockford Blacktop to the detriment of the Funds, the Court should deny Rockford Blacktop's Motion to Transfer Case to the Western Division.

Respectfully submitted,

/s/   Cecilia M. Scanlon

Attorneys for Plaintiffs:
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com
I:\MOEJ\Rockford Blacktop\resp.mot.to trans.venue.cms.kp.wpd

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that she electronically filed Plaintiffs' Response to Defendant's Motion to Transfer Case to the Western Division with the Clerk of Court using the CM/ECF system, and further certifies that she mailed the document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 17th day of July 2008:

                Jonathan Hoag
                Hinshaw & Culbertson, LLP
                100 Park Avenue
                PO Box 1389
                Rockford, IL   61105


                /s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com
I:\MOEJ\Rockford Blacktop\resp.mot.to trans.venue.cms.kp.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. DUGAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 08 C 2651 |
| ) | |
| ROCKFORD BLACKTOP ) | JUDGE AMY J. ST. EVE |
| CONSTRUCTION CO., an Illinois ) | |
| corporation, f/k/a ROCKFORD ) | MAGISTRATE MARTIN C. ASHMAN |
| BLACKTOP, INC., a Nevada corporation, ) | |
| ) | |
| Defendant. ) | |

STATE OF ILLINOIS    )
                     ) S.S.
COUNTY OF COOK       )

## AFFIDAVIT

MICHAEL BLANSKI, being first duly sworn upon his oath, states that he has personal knowledge of the matters hereinafter set forth and if called as a witness in the instant action is competent to testify in respect thereto.

1. I am a Certified Public Accountant in the firm Graff, Ballauer & Blanski, P.C. which has offices located at Two Northfield Plaza, Suite 200, Northfield, Illinois. I have been licensed as a Certified Public Accountant for approximately thirty (30) years. Graff, Ballauer & Blanski, P.C. regularly performs audits of employers' payroll books and business records for the Trustees of the Midwest Operating Engineers Fringe Benefit Funds (hereinafter referred to as the "Funds"). The purpose of these audits is to determine whether employers obligated to make fringe benefit contributions to the Funds, pursuant to the Collective Bargaining Agreement and the applicable Trust Agreements, are doing so in a proper manner.

2.  Our procedures include a review of the relevant provisions of the collective bargaining agreement and comparing the employer payroll records to the Funds' contribution records. The employer records we review generally include payroll registers, individual earning records, payroll tax returns, contribution records, job records, and general disbursement records. The scope of this engagement is limited to records made available by the employer. It would not necessarily disclose all exceptions and employer contributions to the Funds. Employee earnings not disclosed to us or not documented by the employer, if any, are not included in this report.

3.  On July 5, 2007 and October 23, 2007, our firm conducted an examination of Rockford Blacktop Construction Company's payroll records for the period of June 30, 2005 through June 30, 2007. We were provided with all the necessary information requested except for the following: (a) disclosure of the owners, shareholders, or officers of the company, or relatives; and (b) certified payrolls, Form 1099's, and general ledgers.

4.  Because of the incomplete records presented to our office, we were unable to determine if any additional exceptions to employer contributions existed. However, our office issued a report which is the result of incomplete records being made available by Rockford Blacktop Construction Company.

5.  In order to complete the audit to our standards, we must review the records and information described in paragraph 3. This review could take place at our office if the information in paragraph 3 is provided to our firm. It would not be necessary for our employees to travel to Rockford Blacktop Construction Company's offices in Loves Park, Illinois to complete our review of the payroll records and issue a complete audit report according to our standards.

6. I would travel approximately 80 miles from Northfield, Illinois to the Western Division for discovery and litigation purposes; whereas I would travel approximately 20 miles from Northfield, Illinois to the Eastern Division for discovery and litigation purposes.

7. I have personal knowledge of the matters set forth above.

FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHAEL BLANSKI

Subscribed and sworn to before me
this 17th day of July, 2008.

_____
Notary Public



"OFFICIAL SEAL"
DENISE M NONCEK
COMMISSION EXPIRES 03/18/09

I:\MOE\Rockford Blacktop\blanski affidavit.cms.kp.wpd

3



**Midwest Operating Engineers Fringe Benefit Funds**

WELFARE FUND  -  PENSION TRUST FUND  -  VACATION SAVINGS PLAN

6150 Joliet Road • Countryside, IL 60525-3994 • (708) 482-7300 • Fax (708) 482-3056

William E. Dugan, *Chairman*    John E. Kenny, Jr., *Secretary-Treasurer*

July 17, 2008

Ms. Cecilia Scanlon
Baum, Sigman, Auerbach & Neuman, Ltd.
200 West Adams Street-Suite 2200
Chicago, Illinois 60606

Dear Ms. Scanlon:

Enclosed is the executed affidavit in regards to William E. Dugan, et al. v. Rockford Blacktop, Civil Action No. 08 C 2651.

If I may be of further assistance, please feel free to contact me.

Sincerely,

David S. Bodley
Administrative Manager

DSB/jd
Enclosure

*afd*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM E. DUGAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 08 C 2651 |
| | ) | |
| ROCKFORD BLACKTOP | ) | JUDGE AMY J. ST. EVE |
| CONSTRUCTION CO., an Illinois | ) | |
| corporation, f/k/a ROCKFORD | ) | MAGISTRATE MARTIN C. ASHMAN |
| BLACKTOP, INC., a Nevada corporation, | ) | |
| | ) | |
| Defendant. | ) | |

STATE OF ILLINOIS   )
                    ) S.S.
COUNTY OF COOK      )

## AFFIDAVIT

DAVID S. BODLEY, being first duly sworn upon his oath, deposes and states:

1. I have been the Administrative Manager for the Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship und, and Local 150, I.U.O.E Vacation Savings Plan (hereinafter referred to as the "Funds") from May 1999 to date.

2. I have read the Complaint filed in this cause, and know of my own personal knowledge the contents of the collective bargaining agreements and Agreements and Declarations of Trust and all facts alleged therein, and if called and sworn as a witness am competent to testify thereto.

3. I am charged with keeping and maintaining records of contributions received by the Funds, maintain individual records on each person, firm, and corporation required to make contributions to said Funds, receive and record contributions reports made by such persons, firms

or corporations, and have under my supervision and direction all books, records, documents and papers relating to such Funds

4. The Funds are administered out of a single office located at 6150 Joliet Road, Countryside, Illinois 60525. The Funds do not have an office located within the Western Division's boundaries.

5. All litigation brought on behalf of the Funds is brought in the Eastern Division of Illinois.

6. That I would travel approximately 90 miles from Countryside, Illinois to the Western Division for discovery and litigation appearances, whereas I would travel approximately 20 miles from Countryside to the Eastern Division for discovery and litigation purposes.

7. That I am duly authorized by the Funds in this behalf, have personal knowledge of the matters set forth above, and if called as a witness in this cause am competent to testify thereto.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DAVID S. BODLEY

Subscribed and sworn to before me this 17th day of July, 2008.

_____
Notary Public

OFFICIAL SEAL
NANCY AMABILE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/09

I:\MOEJ\Rockford Blacktop\bodley affidavit.cms.kp.wpd