IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM E. DUGAN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Case No.: 08-CV-2651 |
| **v.** ) | |
| ) | Judge: Amy J. St. Eve |
| ) | |
| **ROCKFORD BLACKTOP** ) | Magistrate Martin C. Ashman |
| **CONSTRUCTION CO., an Illinois** ) | |
| **Corporation, f/k/a ROCKFORD** ) | |
| **BLACKTOP, INC., a Nevada corporation,** ) | |
| ) | |
| **Defendant.** | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION
## TO TRANSFER CASE TO THE WESTERN DIVISION

NOW COMES Defendant, ROCKFORD BLACKTOP CONSTRUCTION, CO., incorrectly identified as "ROCKFORD BLACKTOP CONSTRUCTION, CO., an Illinois Corporation, f/k/a ROCKFORD BLACKTOP, INC., a Nevada corporation", by and through its attorneys, HINSHAW & CULBERTSON LLP and files its Reply in Support of its Motion to Transfer Case to the Western Division.

**I.      INTRODUCTION**

The applicable legal standard is not in dispute. A transfer between divisions is subject to the same analysis as any other transfer pursuant to § 1404(a). *Concrete Structures of Midwest, Inc. v. Treco Const. Services, Inc.*, 1996 WL 67213 at *3 (N.D.Ill. February 16, 1996). The decision to transfer is committed to the sound discretion of the trial judge based on the convenience to the parties, convenience to the witnesses and the interest of justice, in light of the circumstances of the case. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

Plaintiffs concede that all material events occurred in the Western Division. Nonetheless, Plaintiffs argue that their choice of forum in the Eastern Division should be given deference.

Plaintiffs overlook the fact that their chosen forum is to be given little, if any, deference because the Eastern Division lacks significant contacts with the underlying cause of action. *Hanley v. Omarc, Inc.*, 6 F.Supp.2d 770, 775 (N.D.Ill. 1998); *Heller Financial, Inc.*, 713 F.Supp. 1125, 1129 (N.D.Ill. 1989).

II.     **ARGUMENT**

        **A.     Deference to Plaintiffs' Choice of Forum is not Controlling.**

Plaintiffs rely almost exclusively on their assertion that transfer to the Western Division is not warranted because the Court should give strong preference to their chosen forum. Plaintiffs do not dispute that all material events occurred in the Western Division. Instead, Plaintiffs urge that their choice of forum in the Eastern Division is controlling. However, the law is clear that a plaintiff's choice of forum is to be given little, if any, deference when the chosen forum lacks any significant connection to the cause of action. *Hanley v. Omarc, Inc.*, 6 F.Supp.2d 770, 775 (N.D.Ill. 1998).

Plaintiffs cite to *Anderson v. Norman Rice Painting, Inc.*, 2003 WL 22053107 (N.D.Ill. September 2, 2003) in support of their argument that courts reject transfers in favor of the plaintiff's chosen forum. Contrary to Plaintiffs' assertion, *Anderson* does not stand for the proposition that a plaintiff's choice of forum is controlling. In fact, the Court in *Anderson* decided against transferring the case only after weighing whether transfer was more convenient for the parties and witnesses, and was in the interest of justice. *Anderson*, 2003 WL 22053107, at *1. The Court ultimately concluded that the "importance of efficient collection of delinquent benefit plan contributions outweighs the other interests presented by defendants." *Id*. Inasmuch as the instant case was not filed to collect delinquent benefit plan contributions, the level of deference afforded to the plaintiff's choice of forum in *Anderson* is not applicable. Accordingly,

2

Plaintiffs' choice of forum in the Eastern Division should be given little, if any, deference. *Hanley*, 6 F.Supp.2d at 775.

Plaintiffs' attempt to distinguish *Hanley* is misguided. Plaintiffs suggest that *Hanley* is distinguished from the instant matter because *Hanley* did not involve an intra-district transfer. (Plaintiffs' Response, p. 3). Plaintiffs' assertion overlooks the fact that intra-district transfers are subject to the same legal analysis as any other transfer of venue. *Concrete Structures of Midwest, Inc. v. Treco Const. Services, Inc.*, 1996 WL 67213 at *3 (N.D.Ill. February 16, 1996). In other words, the fact the instant case is an intra-district transfer has no bearing on the legal analysis.

Moreover, the Court in *Hanley* did not consider the distance between the transferor and transferee court when concluding that the plaintiff's choice of forum was entitled to limited deference. *Hanley*, 6 F.Supp.2d at 775. The Court afforded little deference to plaintiff's chosen forum because it lacked any significant contacts with the underlying cause of action. *Id*. Likewise, the Plaintiff's choice of forum in the Eastern Division should be given little, if any, deference because Plaintiffs concede that the Eastern Division lacks any significant contacts with the underlying cause of action. Therefore, the situs of material events is weighed more heavily in the transfer analysis than Plaintiffs' choice of forum. *Heller Financial Inc*., 713 F.Supp. at 1129.

**B.    The Western Division is More Convenient for the Witnesses and Parties.**

Plaintiffs cite to *Heller Financial, Inc. v. Midwhey Powder Company, Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) in support of their claim that the Defendant did not meet its burden to show that the Western Division is more convenient because it failed to "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would [include]." (Plaintiff's Response, p. 4). As an initial matter, this quote is directed at the Court's

3

analysis as to whether the "interests of justice" supported a transfer. *Id*. In other words, the quoted passage was not in reference to the "convenience of the witnesses" prong of the transfer analysis.

Moreover, the Court determined that it was important for the defendant to "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included" to support its argument that "a fair trial is impossible in Illinois because the key witnesses are beyond the trial court's reach." *Id*. In this case, the Defendant has not asserted that its key witnesses are beyond the reach of the Eastern Division. Accordingly, the Defendant is not required to clearly specify the key witnesses to establish that the Western Division is more convenient.

At this early stage in the litigation, the Defendant has not identified its specific witnesses. (See, Affidavit of Timothy Jagielski, ¶3). As the areas of dispute become more defined, the Defendant will be in a better position to identify specific witnesses. The key for purposes of this Motion is that all of the Defendant's potential witnesses work and live within the Western Division. (See, Affidavit of Timothy Jagielski, ¶3). In addition, Plaintiffs' Response failed to identify specific witnesses that reside in the Eastern Division. Inasmuch as all (or at least a majority) of the potential witnesses in this case come from the Western Division, the "convenience of the witnesses" favors transfer to the Western Division. *Kingsley v. Dixon Old People's Home Fund, Inc.*, 1996 WL 417548, at *2-3 (N.D.Ill. 1996).

Transfer to the Western Division is also more convenient for the parties. The Western Division is more convenient for the parties based substantially on the fact Plaintiffs' requested relief is for the Court to oversee an additional audit conducted at the Defendant's office in the Western Division. *Carpenter's Fringe Ben. Fund of Ill. v. Conery*, 1992 WL 121615 at *2 fn 1

4

(N.D.Ill. May 18, 1992). Plaintiffs do not dispute that *Conery* establishes that the fact Plaintiffs anticipate the need to travel to the transferee division to conduct an audit shifts the convenience factor in favor of the Defendant. Instead, Plaintiffs attempt to side-step *Conery* by suggesting that the Defendant send all of its records to Plaintiffs to make it unnecessary for the audit to take place at Defendant's office in the Western Division. (Plaintiffs' Response, p. 4).

Plaintiffs offer no evidence to show that this new audit approach is consistent with the parties' agreement and/or past practice. In reality, Plaintiffs' auditors have always conducted its audits at the Defendant's offices in Loves Park, Illinois. (See, Affidavit of Timothy Jagielski, ¶4). More importantly, the approach suggested by Plaintiffs reaches beyond what is appropriate for the proper administration of the plans. Not only is the suggested method overly burdensome for the Defendant, it also fails to recognize that even if the Court determines that the Plaintiffs' auditors have a right to review certain information, the auditors are not entitled to take and/or possess copies of certain documents. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 582, fn 23 (1985) (explaining that a Court Order may limit the auditors to protect the interests of the employer). That is, the Defendant is legally entitled to restrict the auditor's ability to copy or disclose certain information. *Id*. As such, Plaintiffs are unable to avoid the fact that their specific relief requested in this case is for the Court to monitor an additional audit conducted at the Defendant's offices in the Western Division.

  C.  **The Interests of Justice Favor Transfer to the Western Division.**

The Plaintiffs mistakenly rely on *Central States, Southeast and Southwest Areas Pension Fund v. Lewis & Michael, Inc.*, 992 F.Supp. 1046, 1048 (N.D.Ill. 1998) to support their argument that a transfer to the Western Division would be "counterproductive to Congress' intent to allow the Funds' to efficiently collect delinquent contributions which are due on behalf of their

5

participants and beneficiaries." (Plaintiffs' Response, p. 5). Again, the instant case was not filed to "collect delinquent contributions which are due on behalf of their participants and beneficiaries."

In this case, Plaintiffs have requested an Order for specific performance, which if granted, would require the Court to monitor activities within the Western Division's boundaries. Generally, the "administration of justice is better served when 'the action is litigated in the forum that is closer to the action.'" *Cody v. DeKalb Sanitary Dist.*, 1999 WL 417368, at *3 (N.D. Ill. June 13, 1999), citing *Carillo v. Darden*, 992 F.Supp. 1024, 1026 (N.D. Ill. 1998). This component is even more important in this case because the requested remedy requires the Court to monitor future activities. Clearly, the Western Division is better equipped to enforce an Order for specific performance against one of its residents when compared with the Eastern Division's ability to enforce such an Order approximately 90 miles removed from the action. *Central States, Southeast and Southwest Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1071 (N.D. Ill. 1984).

In addition, other factors related to the interests of justice favor transfer to the Western Division. For example, transfer to the Western Division serves the judicial economy inasmuch as the Western Division has a smaller docket of cases than the Eastern Division, and the case can proceed to trial more quickly. See, *Anderson v. Norman Rice Painting, Inc.*, 2003 WL 22053107, at *1 (N.D.Ill. September 2, 2003); *Cody*, 1999 WL 417368, at *3. Courts have also held that intra-district transfers serve the interests of justice when (1) the events giving rise to the litigation occurred in the transferee division, with only minimal connection to the transferor division, (2) the balance of convenience to the parties and witnesses favors transfer, and (3) the case is still in the initial stage. *Westchester Fire Ins. Co. v. Carolina Cas. Ins. Co.,* 2004 WL

170325 at *3 (N.D.Ill. January 15, 2004). Inasmuch as all of these concerns are met in the instant case, the interests of justice are best served by transferring this case to the Western District.

As discussed, all material events to the underlying cause of action occurred in the Western Division. The Defendant's principal place of business is in the Western Division. The agreement at issue was executed in the Western Division and covers employees who are employed in the Western Division. The alleged breach of the agreement occurred at the Defendant's office in the Western Division and involved company records that are maintained in the Western Division.

The fact all material events occurred in the Western Division makes the connection to the Eastern Division tenuous inasmuch as the only connection to the Eastern Division is that the funds are administered in the Eastern Division. While the Plaintiffs' chosen forum is to be given some consideration, this factor is outweighed when – as in this case – the situs of the material events occurred in the Western Division. *Heller Financial, Inc.*, 713 F.Supp. at 1129. Moreover, Plaintiffs' requested remedy to have the Court monitor another audit at the Defendant's office in the Western Division tips the convenience factor in favor of the Defendant. Lastly, there is no dispute that this case is in the initial stages, so transfer will not delay the proceedings. Therefore, the interests of justice weigh in favor of transferring this case to the Western Division.

70569057v1 867139

## III. CONCLUSION

The relevant factors for transferring a case pursuant to § 1404(a) weigh in favor of transferring this case to the Western Division. Specifically, the fact all material events occurred in the Western Division outweighs Plaintiffs' choice of forum in the Eastern Division. Plaintiffs' anticipation of the need to travel to the Western Division to conduct another audit tips the convenience factor in favor of transfer. At best, the convenience to the witnesses is a neutral factor, but it appears the potential witnesses from the Western Division outnumber those from the Eastern Division. Transfer of this case also serves the interests of justice. For the foregoing reasons, this Court should grant the Defendant's Motion to Transfer Case to the Western Division.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Lori L. Hoadley
Lori L. Hoadley

HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105-1389
Phone  815.490.4900
Fax  815.490.4901

70569057v1 867139

**AFFIDAVIT OF SERVICE**

The undersigned certifies that on July 23, 2008, a copy of the foregoing was electronically served via the U.S. District Court CM/ECF E-Filing System upon the following:

**<u>Dugan v. Rockford Blacktop Construction Co.</u>**

<u>For Plaintiffs</u>:
Cecilia M. Scanlon, Esq.
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Phone   312.236.4316
Fax     312.236.0241


s/ Rhonda Walker


Firm No. 695
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL  61105-1389
Phone  815.490.4900
Fax    815.490.4901

70569057v1 867139

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROCKFORD BLACKTOP CONSTRUCTION )<br>CO., an Illinois Corporation, f/k/a ROCKFORD )<br>BLACKTOP, INC., a Nevada corporation, )<br>)<br>Defendant. ) | Case No.: 08-CV-2651<br><br>Judge: Amy J. St. Eve<br><br>Magistrate Martin C. Ashman |

### AFFIDAVIT

I, Timothy Jagielski, am an adult person, with personal knowledge of the facts attested to herein, and, if called upon to testify and sworn as a witness in this matter, I can competently testify to the following:

1. I am presently employed as Assistant Counsel for William Charles, Ltd. and have held this position since August, 1996.

2. As part of my duties, I am authorized to certify and/or testify about the Defendant's policies and procedures as well as collective bargaining agreement(s), including customary practices related to such agreement(s) and the completeness, accuracy and/or authenticity of any original or copy of a record related to such areas.

3. I am familiar with the allegations set forth in the instant lawsuit. At this time, the Defendant has not identified the specific employee witnesses it will call in defense of this matter. Based upon information and belief, the Defendant will call between 3-7 employee witnesses, all of whom work and live within the boundaries of the Western Division.

4.  Based upon information and belief, the consistent past practice of Plaintiffs' auditors has been to conduct audits at the Defendant's offices located in Loves Park, Illinois.

Further, Affiant sayeth not.

Dated: July 22, 2008

_____
TIMOTHY JAGIELSKI

SUBSCRIBED and SWORN to
before me this 22nd day of July, 2008

_____
Notary Public

"OFFICIAL SEAL"
CHRIS PEMBERTON
Notary Public, State of Illinois
My Commission Expires 11/06/10

70568916v1 867139