IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROCKFORD BLACKTOP CONSTRUCTION CO., an Illinois Corporation, f/k/a ROCKFORD BLACKTOP, INC., a Nevada corporation,<br><br>    Defendant. | Case No.: 08-CV-2651<br><br>Judge: Amy J. St. Eve |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT**

NOW COMES Defendant, ROCKFORD BLACKTOP CONSTRUCTION, CO., incorrectly identified as "ROCKFORD BLACKTOP CONSTRUCTION, CO., an Illinois Corporation, f/k/a ROCKFORD BLACKTOP, INC., a Nevada corporation", by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Answer and Affirmative Defenses, states as follows:

1. Defendant admits that Plaintiffs purport to bring this action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter "ERISA") and, therefore, jurisdiction is appropriate pursuant to 28 U.S.C. § 1331. Defendant denies engaging in any wrong-doing and denies the remaining allegations contained in this paragraph.

2. Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiffs are the now acting Fiduciaries of the MIDWEST OPERATING ENGINEERS WELFARE FUND, MIDWEST OPERATING ENGINEERS PENSION TRUST FUND, OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND and LOCAL 150 I.U.O.E. VACATION SAVINGS PLAN and, therefore deny and leave the Plaintiffs to their proof thereof.

Defendant admits that Plaintiffs contend that the listed Funds are "employee welfare benefit plans" and "plans" within the meaning of ERISA. Defendant denies the remaining allegations contained in this paragraph.

3. Defendant admits that Plaintiffs assert it is an "Employer" within the meaning of ERISA. The remaining allegations contained in this paragraph refer to written instruments, which have not been attached to the Complaint and, hence, Defendant denies the remaining allegations contained in this paragraph.

4. The allegations contained in this paragraph refer to a written instrument which has not been attached to the Complaint and, hence, Defendant denies the allegations contained in this paragraph.

    a. The allegations contained in this subparagraph refer to a written instrument which has not been attached to the Complaint and, hence, Defendant denies the allegations contained in this subparagraph.

    b. The allegations contained in this subparagraph refer to a written instrument which has not been attached to the Complaint and, hence, Defendant denies the allegations contained in this subparagraph.

    c. The allegations contained in this subparagraph refer to a written instrument which has not been attached to the Complaint and, hence, Defendant denies the allegations contained in this subparagraph.

    d. The allegations contained in this subparagraph refer to a written instrument which has not been attached to the Complaint and, hence, Defendant denies the allegations contained in this subparagraph.

  e. The allegations contained in this subparagraph refer to a written instrument which has not been attached to the Complaint and, hence, Defendant denies the allegations contained in this subparagraph.

  f. The allegations contained in this subparagraph refer to a written instrument which has not been attached to the Complaint and, hence, Defendant denies the allegations contained in this subparagraph.

  g. The allegations contained in this subparagraph refer to a written instrument which has not been attached to the Complaint and, hence, Defendant denies the allegations contained in this subparagraph.

5. This paragraph states a legal conclusion and, thus, an answer is not required. To the extent an answer is required, Defendant denies the allegations and conclusion contained in this paragraph.

  a. Defendant denies the allegations contained in this paragraph.

  b. Defendant denies the allegations contained in this paragraph.

6. Defendant denies the allegations contained in this paragraph.

7. Defendant denies the allegations contained in this paragraph.

8. This paragraph states a legal conclusion and, thus, an answer is not required. To the extent an answer is required, Defendant denies the allegations and conclusion contained in this paragraph.

WHEREFORE, Defendant, ROCKFORD BLACKTOP CONSTRUCTION, CO. moves for an Order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

70569562v1 867139

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1. The Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

2. The Plaintiffs' claims are barred by the doctrine of unclean hands.

3. The Plaintiffs' waived any right to audit the Defendant's records inasmuch as Plaintiffs' conduct during their most recent audit demonstrates their motivation for conducting the instant audit is to advance an improper purpose.

4. Any costs or attorneys fees incurred by the Plaintiffs were incurred solely because of the unreasonable and inappropriate conduct of the Plaintiffs and were not reasonably and necessarily incurred to enforce rights under any contracts or agreements with the Defendant.

WHEREFORE, the Defendant, ROCKFORD BLACKTOP CONSTRUCTION, CO., moves for an Order of the Court dismissing this case with prejudice and awarding Defendant its costs of suit.

    Respectfully submitted,

    HINSHAW & CULBERTSON LLP


    By:  s/Lori L. Hoadley
          Lori L. Hoadley

Lori L. Hoadley
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
815-490-4900

**AFFIDAVIT OF SERVICE**

      The undersigned certifies that on August 1, 2008, a copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was electronically served via the U.S. District Court CM/ECF E-Filing System upon the following:

**Dugan v. Rockford Blacktop Construction Co.**

For Plaintiffs:
Cecilia M. Scanlon, Esq.
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Phone  312.236.4316
Fax    312.236.0241


s/ Rhonda Walker


Firm No. 695
HINSHAW & CULBERTSON LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
Phone 815.490.4900
Fax    815.490.4901

70569562v1 867139