IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 08-CV-2651 |
| v. ) | |
| ) | Judge: Amy J. St.Eve |
| ROCKFORD BLACKTOP CONSTRUCTION ) | |
| CO., an Illinois Corporation, f/k/a ROCKFORD ) | |
| BLACKTOP, INC., a Nevada Corporation, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

NOW COMES the Defendant, ROCKFORD BLACKTOP CONSTRUCTION, CO., incorrectly identified as "ROCKFORD BLACKTOP CONSTRUCTION, CO., an Illinois Corporation, f/k/a ROCKFORD BLACKTOP, INC., a Nevada corporation", by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Motion for Protective Order states as follows:

1. Plaintiffs filed their Amended Complaint against the Defendant, alleging a cause of action under the Employee Retirement Income Security Act of 1974 ("ERISA").

2. As part of Plaintiffs' prayer for relief, Plaintiffs seek to conduct an additional audit of Defendant's certified payrolls, 1099's, and general ledgers inasmuch as Plaintiffs' auditors claimed the above-referenced information was not available during their most recent audit.

3. On or about March 22, 2008, Plaintiffs' auditors, Graff, Ballauer & Blanski, P.C. published a "Contractor Report" based on a review of the Defendant's payroll records.

4. The report was purportedly prepared to assist Plaintiffs in determining whether contributions to the Funds were being made in accordance with the Collective Bargaining Agreements.

5. Notwithstanding the auditor's stated intentions, the report attached a detailed account of all payments made to executive, managerial, supervisory, and administrative employees – none of whom are covered by the collective bargaining agreement.

6. Specifically, the auditors reported sensitive information regarding each payment provided to the following of Defendant's executive, managerial/supervisory, and administrative (i.e. non-unit) employees, between June 2005 to June 2007:

    a. Company Director Charles Howard

    b. Chief Financial Officer William R. Bequette

    c. Vice President Maxine A. Olson

    d. Vice President Rockford Sand & Gravel Troy E. Kutz

    e. ECI Vice President Daryl L. Streed

    f. Assistant Controller Kristen Rourke

    g. Cost Accountant Stephen S. McCammond

    h. Information Technology Mary L. Steiner

    i. Quality Control Officer Douglas R. Jury

    j. Purchasing/Subcontracting Officer Marsha Sederstrom

    k. Project Manager Joseph Francis

    l. Project Manager Patricia A. Donahue

    m. Project Manager Thomas L. Engel

    n. Project Manager Thomas McBride

70569597v1 867139

  o. Project Manager Trenton J. Sefton

  p. ECI Project Manager Randall W. Birchfield

  q. Equipment Company Manager Danny F. Johnson

  r. Truck Manager Wendy L. Stein

  s. Chief Estimator Gordon B. Berg

  t. Estimator Peter W. Capes

  u. Estimator David B. Casey

  v. Estimator Gregory A. Kolb

  w. Estimator Paul M. Legg

  x. Estimator John H. Lindblade

  y. Estimator Leslie R. Morgan

  z. Estimator Richard Pigatti

  aa. Estimator Troy J. Weis

  bb. Hot Mix Superintendent George L. Butt

  cc. Hot Mix Foreman Roland Feery

  dd. Equip. Shop Foreman James D. Taylor

  ee. Yard/Equip. Winton D. Werckle

  7. Detailed payments made to bargaining unit employees and/or hourly employees (e.g. office staff) were not included in the auditors' report. Rather, the auditors chose to include the detailed records of all payments made to Defendant's salaried executive, managerial/ supervisory, and administrative employees.

  8. The auditors acknowledge in the body of their report that they reviewed "job records" and "general disbursement records", which would reveal the collective bargaining unit

3

members assigned to each bargaining unit job. In the body of the report, the auditors do not claim ignorance as to the status of these individuals or attempt to assert that these individuals are unit members. Indeed, there is no good faith basis to justify the auditors' action of disclosing detailed payments made to the Defendant's executive, managerial/supervisory, and administrative workforce.

9.　In fact, the auditors failed to provide any explanation and/or rationale for disclosing the detailed payments made to the Defendant's executive, managerial and administrative workforce, as no proper purpose exists. Consequently, to the extent the Court grants Plaintiffs' request to conduct an additional audit, the audit should be conducted pursuant to a protective order to prevent the Plaintiffs' auditors from unnecessarily disclosing additional confidential information. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 582 n. 23 (1985) (explaining that auditors only have access to employer records to the extent necessary for the proper administration of the plans and courts may limit the auditors accordingly).

10.　Inasmuch as the auditor's conduct during the most recent audit demonstrates that the motivation for an additional audit might be to advance an improper purpose (e.g. acquire information about the employer to advance union goals), a protective order is essential to address the Defendant's legitimate confidentiality and privacy concerns. *Central States*, 472 U.S. at 571 n. 12; *New York State Teamsters Conference Pension and Retirement Fund v. Boening Bros., Inc.*, 92 F.3d 127, 134 (2nd Cir. 1996) (explaining that circumstances of the audit "arouses concern that the requested audit may mask an ulterior purpose"); *DeMarco v. C & L Masonry, Inc.*, 891 F.2d 1236, 1240 (6th Cir. 1989) citing *Central States*, 472 U.S. at 582 n. 23.

11.　Defendant's proposed Protective Order is attached hereto as **Exhibit A**.

70569597v1 867139

WHEREFORE, the Defendant, ROCKFORD BLACKTOP CONSTRUCTION, CO., respectfully requests that this Court enter Defendant's proposed Protective Order attached hereto as **Exhibit A**.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Lori L. Hoadley
Lori L. Hoadley

Lori L. Hoadley
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
815-490-4900

# EXHIBIT A

Case 1:08-cv-02651 Document 30-2 Filed 08/04/2008 Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROCKFORD BLACKTOP CONSTRUCTION )<br>CO., an Illinois Corporation, f/k/a ROCKFORD )<br>BLACKTOP, INC., a Nevada Corporation, )<br>)<br>Defendant. ) | Case No.: 08-CV-2651<br><br>Judge: Amy J. St. Eve |

**PROTECTIVE ORDER**

NOW COMES the Defendant, ROCKFORD BLACKTOP CONSTRUCTION, CO., incorrectly identified as "ROCKFORD BLACKTOP CONSTRUCTION, CO., an Illinois Corporation, f/k/a ROCKFORD BLACKTOP, INC., a Nevada corporation", by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its proposed Protective Order states as follows:

IT IS HEREBY ORDERED:

1. All audits and/or reviews of the Defendant's payroll and/or business records conducted to determine whether contributions to the Funds are being made in accordance with the Collective Bargaining Agreements shall be conducted on the Defendant's premises and Plaintiffs and/or Plaintiffs' auditors shall only have access to records that are appropriate for the proper administration of the Funds.

2. The Plaintiffs and/or Plaintiffs' auditors may only copy and/or disclose information that is directly related to findings of improper contributions to the Funds. Plaintiffs and/or Plaintiffs' auditors are prohibited from copying, removing from the Defendant's premises, or otherwise disclosing any information contained in the Defendant's payroll and/or business

records (including its general ledgers) that pertains to payments made to or received from non-unit employees, vendors, customers, etc. In other words, Plaintiffs and/or Plaintiffs' auditors are only permitted to copy, remove from the Defendant's premises or otherwise disclose payments made to or received from bargaining unit employees.

3. In the event the Defendant's confidential payroll and/or business records are sought in the course of the instant litigation, the terms set forth in this protective order shall apply to the manner in which such records may be accessed, reviewed, and/or copied.

4. In the event it becomes necessary to file with the Court the audit report conducted on or about March 22, 2008 by Graff, Ballauer & Blanski, P.C., or any other confidential information disclosed under this Protective Order, such filings shall be under seal and confidentially maintained, or shall be filed only after all payments made to the individuals listed in Paragraph 6 of Defendant's Motion for Protective Order have been redacted.

5. If confidential information is used during depositions, in the trial of this litigation or during the course of any judicial hearing, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

6. The inadvertent or unintentional disclosure by the supplying party of confidential information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

70570034v1 867139

7. To the extent confidential documents are produced during the course of this litigation, counsel shall return, within 60 days, all confidential documents which have been produced subject to this Protective Order.

                Respectfully submitted,

                HINSHAW & CULBERTSON LLP

                By: s/Lori L. Hoadley
                      Lori L. Hoadley

Lori L. Hoadley
Hinshaw & Culbertson LLP
100 Park Avenue
P.O. Box 1389
Rockford, IL 61105-1389
815-490-4900

70570034v1 867139