# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2651 | **DATE** | 8/5/2008 |
| **CASE TITLE** | Dugan et al vs. Rockford Blacktop, Inc. | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, grants Defendant's motion to transfer venue [21] under Section 1404(a),(b) and transfers this case from the Northern District of Illinois, Eastern Division to the Northern District of Illinois, Western Division.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Before the Court is Defendant Rockford Blacktop Construction, Company's ("Rockford Blacktop") Motion to Transfer Case to the Western Division of the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), (b). For the following reasons, the Court, in its discretion, grants Defendant's Section 1404 motion.

### BACKGROUND

On June 2, 2008, Plaintiffs filed an amended complaint pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA") in the Northern District of Illinois, Eastern Division against their employer Rockford Blacktop. (R. 10-1; Am. Compl. ¶¶ 1, 3.) Plaintiffs brought their action in their capacity as Trustees of various employee benefit plans ("the Funds"). The Funds are administered in Countryside, Illinois, which is in the Eastern Division of the Northern District of Illinois. (R. 25-1; Pls.' Resp. to Def.'s Mot. to Transfer Case at 2.) Defendant Rockford Blacktop is an Illinois company located in Loves Park, Illinois, which is in the Western Division of the Northern District of Illinois. (R. 17-1; Def.'s Mem. to Transfer Case at 1.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

"Section 1404(a) authorizes a district court to transfer a case in the interest of justice and for the convenience of the parties and witnesses." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 US 26, 34, 118 S. Ct. 958, 961, 140 L. Ed. 2d 62 (1998). Under Section 1404(a), the moving party bears the burden of establishing that (1) venue is proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (citations omitted); *Schwarz v. National Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219.

Because the parties do not dispute that venue and jurisdiction are proper in both the Eastern and Western Divisions of the Northern District of Illinois, the Court turns to whether the transfer will serve the convenience of the parties and witnesses and promote the interests of justice. In analyzing this third prong, the Court must look to both private and public interests. *American Roller Co., LLC v. Foster Adams Leasing, LLP*, 421 F. Supp. 2d 1109, 1114 (N.D. Ill. 2006). Private interests include: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Assoc., Inc.*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007) (citing *Schwarz*, 317 F. Supp. 2d at 835). Factors traditionally considered in the public interest analysis, also known as the "interest of justice" factors, include the congestions of the respective court dockets, prospects for a speedy trial, and the courts' familiarity with the applicable law. *Coffey*, 796 F.2d at 221; *American Roller Co., LLC*, 421 F. Supp. 2d at 1114.

## ANALYSIS

### I.　　Private Interests

#### A.　　Choice of Forum

A plaintiff's choice of forum is entitled to deference, but that deference is lessened if the forum does not have a significant relationship to the material events leading to the litigation. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Sassy, Inc. v. Berry*, 406 F. Supp. 2d 874, 876 (N.D. Ill. 2005). The Court thus considers the place of the material events to determine how much weight to assign Plaintiff's choice of forum. *See Schwarz*, 317 F. Supp. 2d at 835-36.

#### B.　　Location of the Material Events

Defendant contends that all material events to the underlying cause of action occurred in the Western Division. The parties executed the agreement at issue in the Western Division and the Defendant's alleged failure to provide payroll records occurred during an audit at the Defendant's office in the Western Division and involved payroll records maintained there. The Eastern Division, therefore, does not have a significant relationship to the material events of the action. Because Plaintiffs do not argue or establish otherwise, this factor weighs in favor of transferring this action to the Western Division.

Plaintiffs nevertheless argue that the material events' occurrence in the Western Division does not overcome the substantial preference afforded to a plaintiff's choice of forum in ERISA actions. *See Central States, Se. & Sw. Areas Pension Fund v. Lewis & Michael, Inc.*, 992 F. Supp. 1046, 1048 (N.D. Ill. 1998). Plaintiffs, however, fail to explain why the Court should find *Central States* persuasive under the circumstances.

*See Zurich Ins. Co. v. Amcor Sunclipse N. Am.,* 241 F.3d 605, 608 (7th Cir. 2001) (district court decisions lack precedential force). Moreover, even in ERISA enforcement actions, if a plaintiff's chosen forum lacks significant contacts with the underlying cause of action, courts give plaintiff's choice less deference. *See Hanley v. Omarc, Inc.,* 6 F.Supp.2d 770, 775 (N.D. Ill. 1998). Therefore, Plaintiffs' argument is not compelling.

### C.    Relative Ease of Access to Sources of Proof

Next, Defendant argues that because the audit central to this action involves the Defendant's records located exclusively in the Western Division, access to the documents and other evidence at issue weighs in favor of transfer to the Western Division. Plaintiffs, on the other hand, contend that Defendant can provide the information located at Defendant's office in the Western Division through written discovery. Plaintiffs do not dispute that the relevant information is located in the Defendant's office in the Western Division, however, and the relative ease of access is determined by the location of the material evidence. *See Avco Corp. v. Progressive Steel Treating, Inc.*, No. 05 C 4364, 2005 WL 2483379 at *3 (N.D. Ill. Oct. 6, 2005). This factor therefore weighs in favor of transfer.

### D.    Convenience of the Parties

In analyzing the convenience of the parties, the Court must consider "their respective residences and abilities to bear the expense of trial in a particular forum." *Chukwu v. Air France*, 218 F. Supp. 2d 979, 989 (N.D. Ill. 2002) (quoting *Von Holdt v. Husky Injunction Molding Sys. Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995)). Defendant contends that Plaintiffs' request to conduct another audit at Defendant's office in the Western Division tips the convenience factor in its favor. In response, Plaintiffs argue that they do not foresee the necessity for the Funds' auditors to travel to Defendant's office in the Western Division to complete the audit. Based on the parties' arguments, this factor is not determinative.

### E.    Convenience of Witnesses

The next factor, the convenience of the witnesses, is often considered the most important factor in the transfer balance. *Schwarz*, 317 F. Supp. 2d at 836. Under this factor, the Court considers the nature and quality of the witnesses' testimony with respect to the issues in the case. *Id.* Defendant has not identified its specific witnesses at this early stage of litigation, but avers that all its potential witnesses work and live within the Western Division. (R. 26-2; Jagielski Aff. ¶ 3.) Plaintiffs counter with affidavits stating that a transfer to the Western Division would require the Funds' accountant and manager to travel further from the Funds' office for discovery and litigation purposes. The affidavits, however, do not establish that Plaintiffs' witnesses live in the Eastern Division and do not reflect a significant difference in the distance between the two forums. (R. 25-2; Blanski Aff. ¶ 6; R. 25-3; Bodley Aff. ¶ 6.) Because Plaintiffs do not dispute that a transfer would be more convenient for Defendant's witnesses, this factor weighs slightly in favor of transfer. *See Navarrette v. JQS Property Maint.*, No. 07 C 6164, 2008 WL 299084, at *2 (N.D. Ill. Jan. 29, 2008).

## II.    Public Interests – Interest of Justice

The "interest of justice" analysis relates to the efficient functioning of the courts, not to the merits of the underlying dispute. *Coffey*, 796 F.2d at 221. This inquiry focuses on both courts' familiarity with the applicable law and the congestion of the respective courts' dockets. *Id.; see also Heller Fin.*, 883 F.2d at 1294. Some courts have concluded that this factor should be given less weight in the case of an intra-district transfer. *See Navarrette*, 2008 WL 299084, at *3 (citing *Clear Channel Outdoor, Inc., v. Rubloff Oakridge Algonquin, L.L.C.*, No. 03 C 3063, 2003 WL 22382999, at *3 (N.D. Ill. Oct 16, 2003)). Because this case involves federal ERISA law, both courts are familiar with the applicable law. *See Westchester Fire Ins. v. Carolina Cas. Ins.*, No. 03 C 4137, 2004 WL 170325, at *3 (N.D. Ill. Jan. 15, 2004).

Plaintiffs nonetheless argue that the interest of justice weighs in their favor because a transfer would increase the cost of litigation and would therefore violate Congressional intent to allow funds to efficiently collect delinquent contributions. *See Central States,* 992 F.Supp. at 1048. As discussed, the present action does not concern the collection of delinquent contributions. Instead, Plaintiffs seek specific performance. Meanwhile, Defendant contends that the interest of justice favors a transfer because the Western Division is better equipped to provide the requested injunctive relief. Although Defendant's argument is somewhat persuasive, the interest of justice factor is neutral because this is an intra-district transfer.

## III.    Balancing the Factors

Finally, to transfer a case, the balance of the factors must weigh in favor of the moving party and not just shift the inconvenience from one party to the other. *See American Roller Co., LLC*, 421 F. Supp. 2d at 1114. Plaintiffs contend that the requested transfer to the Western Division would only transfer the inconvenience to Plaintiffs and their witnesses. The Court concludes that because the majority of the factors weigh in Defendant's favor, transfer does not merely shift any inconvenience to Plaintiffs.

### CONCLUSION

After weighing all of the factors, the Court concludes that Defendant has met the requirements to justify the transfer of this action based on the situs of the material events, access to the sources of proof, and the convenience of the witnesses. Therefore, the Court, in its discretion, grants Defendant's motion to transfer venue under Section 1404(a),(b) and transfers this case from the Northern District of Illinois, Eastern Division to the Northern District of Illinois, Western Division.